UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE: JAY BRADSHAW,                                         9:21-PF-0002 (GTS)

                                **Respondent.**
_____

**GLENN T. SUDDABY, Chief United States District Judge**

## ORDER TO SHOW CAUSE

The undersigned has determined that grounds may exist to enjoin Jay Bradshaw ("Respondent") from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the

> litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Here, after carefully reviewing the record, the Court concludes that, unless he shows cause otherwise, Respondent should be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee. A review of Respondent's litigation history on Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service reveals that, between April 10, 2019, and the date of this Order to Show Cause (a period of a little more than 34 months), Respondent filed 11 pro se civil rights actions in this District.[1] These actions have been rife with vexatious litigation practices.

For example, in six of the actions, claims were sua sponte dismissed for failure

---

[1] *See Bradshaw v. Uhler,* 9:22-CV-0094-GTS-ML, Complaint (N.D.N.Y. filed 02/02/22); *Bradshaw v. Uhler*, 9:19-CV-0428-BKS-TWD, Complaint (N.D.N.Y. filed 04/10/19); *Bradshaw v. Burns*, 9:19-CV-0931-BKS-TWD, Complaint (N.D.N.Y. filed 07/31/19); *Bradshaw v. Annucci*, 9:19-CV-1484-TJM-DJS, Complaint (N.D.N.Y. filed 12/03/19); *Bradshaw v. Piccolo*, 9:20-CV-0154-MAD-CFH, Complaint (N.D.N.Y. filed 02/13/20); *Bradshaw v. Annucci*, 9:20-CV-0760-DNH-CFH, Complaint (N.D.N.Y. filed 07/08/20); *Bradshaw v. Gordon*, 9:21-CV-0645-GTS-ML, Complaint (N.D.N.Y. filed 06/03/21); *Bradshaw v. Uhler*, 9:21-CV-0776-GTS-ML, Complaint (N.D.N.Y. filed 07/08/21); *Bradshaw v. Marshall*, 9:21-CV-0826-MAD-CFH, Complaint (N.D.N.Y. filed 07/21/21); *Bradshaw v. Annucci*, 9:21-CV-0901-DNH-ML, Complaint (N.D.N.Y. filed 08/11/21); *Bradshaw v. Brand*, 9:21-CV-0942-DNH-TWD, Complaint (N.D.N.Y. filed 08/20/21).

to state a claim.[2]  In three of the actions, claims were transferred to another district court because they had been misfiled here.[3]  In two of the actions, motions for a preliminary injunction were denied.[4]  In two of the actions, claims were dismissed because of the three-strikes rule.[5]  A similar fate (because of the three-strikes rule) has awaited Respondent's complaints in other district courts in this Circuit.[6]

---

[2]  *See Bradshaw v. Uhler*, 9:19-CV-0428-BKS-TWD, Decision and Order (N.D.N.Y. filed 05/09/19) (sua sponte dismissing various of plaintiff's claims for failure to state a claim); *Bradshaw v. Burns*, 9:19-CV-0931-BKS-TWD, Decision and Order (N.D.N.Y. filed 10/01/19) (sua sponte dismissing various of plaintiff's claims for failure to state a claim); *Bradshaw v. Gordon*, 9:21-CV-0645-GTS-ML, Decision and Order (N.D.N.Y. filed 07/23/21) (sua sponte dismissing various of plaintiff's claims for failure to state a claim); *Bradshaw v. Uhler*, 9:21-CV-0776-GTS-ML, Decision and Order (N.D.N.Y. filed 09/03/21) (sua sponte dismissing various of plaintiff's claims for failure to state a claim); *Bradshaw v. Marshall*, 9:21-CV-0826-MAD-CFH, Decision and Order (N.D.N.Y. filed 09/14/21) (sua sponte dismissing various of plaintiff's claims for failure to state a claim); *Bradshaw v. Annucci*, 9:21-CV-0901-DNH-ML, Decision and Order (N.D.N.Y. filed 09/27/21) (sua sponte dismissing various of plaintiff's claims for failure to state a claim).

[3]  *See Bradshaw v. Annucci*, 9:19-CV-1484-TJM-DJS, Decision and Order (N.D.N.Y. filed 02/06/20) (transferring remaining claims to W.D.N.Y. because they were misfiled here); *Bradshaw v. Piccolo*, 9:20-CV-0154-MAD-CFH, Decision and Order (N.D.N.Y. filed 02/18/20) (transferring action to W.D.N.Y. because it was misfiled here); *Bradshaw v. Annucci*, 9:20-CV-0760-DNH-CFH, Decision and Order (N.D.N.Y. filed 07/28/20) (transferring action to W.D.N.Y. because it was misfiled here).

[4]  *See Bradshaw v. Uhler*, 9:19-CV-0428-BKS-TWD, Decision and Order (N.D.N.Y. filed 09/20/19) (denying plaintiff's motion for a preliminary injunction); *Bradshaw v. Burns*, 9:19-CV-0931-BKS-TWD, Decision and Order (N.D.N.Y. filed 12/12/19) (denying plaintiff's motion for a preliminary injunction).

[5]  *See Bradshaw v. Annucci*, 9:19-CV-1484-TJM-DJS, Decision and Order (N.D.N.Y. filed 02/06/20) (sua sponte dismissing certain claims because of three-strikes rule); *Bradshaw v. Brand*, 9:21-CV-0942-DNH-TWD, Decision and Order (N.D.N.Y. filed 09/27/21) (dismissing action because of three-strikes rule).

[6]  *See, e.g., Bradshaw v. City of New York*, 18-CV-8215, 2019 WL 2502036, at *3-4 (S.D.N.Y. June 17, 2019) (revoking the court's previous IFP

The Court notes that, as a way to circumvent the three-strikes rule, it appears Respondent *may* be making material misrepresentations to the Court regarding whether he is under imminent danger of physical injury at the time of filing due to the alleged impact of a temporary denial of meals on a pre-existing stomach condition.[7] Although the Court does not render any finding regarding this assertion at this time, it is alarmed by the increasing pace of Respondent's other litigation abuses and their impact on the Court. More importantly, the Court has trouble finding that Respondent's litigation history has been anything other than vexatious, in bad faith and unnecessarily burdensome to the Court and its personnel. Nor can the Court conceive of any other sanctions (such as a warning or monetary sanction) that would be adequate to protect the Court and other parties. As a result, it finds an Order to Show Cause to be appropriate at this time.

Notwithstanding the support for an anti-filing injunction in this circumstance, fairness dictates that Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

---

determination because of the three-strikes rule).

[7] *See, e.g., Bradshaw v. Gordon*, 9:21-CV-0645-GTS-ML, Cross-Motion to Revoke IFP (N.D.N.Y. filed 09/19/21) (presenting evidence that plaintiff was not in fact under imminent danger of physical injury when he filed this action).

**ORDERED** that Respondent shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed);[8] and it is further

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Respondent by regular mail.

Dated:     February 18, 2022
           Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[8] In addition, nothing in the injunction would (1) hinder Respondent's ability to defend himself in any criminal action brought against him, or bring a habeas corpus action, or (2) limit his access as a plaintiff to any court other than the United States District Court for the Northern District of New York. However, the injunction would apply to, among other things, continued filings of documents by Respondent as a *pro se* plaintiff in the following actions: (1) an action opened by him in this Court through the filing of a complaint, a motion, an application, or any other means; (2) an action opened by him in another federal district court and transferred to this Court, when that action clearly should have been venued in this District, *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-3 & n.2 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases); and (3) an action opened by him in state court and removed to this Court by any party, when that action was laden with federal claims (especially claims based on grounds previously trodden by Respondent in this Court, and asserted against defendants who had been previously sued by him in this Court on similar grounds), *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-5 & nn.3 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases).