**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**IN RE: JAY BRADSHAW,**                                    Case No. 9:21-PF-0002 (GTS)

            **Respondent.**
_____

## PRE-FILING ORDER

On February 18, 2022, Jay Bradshaw ("Respondent") was ordered by the undersigned to show cause as to why he should not be enjoined from filing any pleadings or documents of any kind (including motions) as a *pro se* plaintiff in the U.S. District Court for the Northern District of New York without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed). (Dkt. No. 1.) Respondent has attempted to show such cause through filing what purports to be an "affidavit" but is neither notarized nor sworn to pursuant to 28 U.S.C. § 1746. (Dkt. No. 2.) In any event, even when construed with the utmost of special liberality, Respondent's response in no way undermines any of the Court's preliminary findings stated in its Order to Show Cause regarding the factors governing whether he should be subjected to the above-referenced filing limitation. (*Compare* Dkt. No. 2 *with* Dkt. No. 1.)

As the Court stated in its Order to Show Cause, before imposing such a filing limitation, the Court should consider five factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has

> caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Here, with regard to the first factor (whether Respondent's litigation history has entailed vexatious, harassing or duplicative lawsuits), a review of his litigation history on Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service reveals that, between April 10, 2019, and the date of the Court's Order to Show Cause (a period of a little more than 34 months), Respondent filed 11 *pro se* civil rights actions in this District.[1] In six of those 11 actions, a majority of Respondent's original claims (specifically, approximately 55 percent of them) were *sua sponte* dismissed for failure to state a claim and/or frivolousness (either with or without prejudice).[2] The fact that in no

---

[1] *See Bradshaw v. Uhler*, 9:22-CV-0094 (GTS-ML), Complaint (N.D.N.Y. filed 02/02/22); *Bradshaw v. Uhler*, 9:19-CV-0428 (BKS-TWD), Complaint (N.D.N.Y. filed 04/10/19); *Bradshaw v. Burns*, 9:19-CV-0931 (BKS-TWD), Complaint (N.D.N.Y. filed 07/31/19); *Bradshaw v. Annucci*, 9:19-CV-1484 (TJM-DJS), Complaint (N.D.N.Y. filed 12/03/19); *Bradshaw v. Piccolo*, 9:20-CV-0154 (MAD-CFH), Complaint (N.D.N.Y. filed 02/13/20); *Bradshaw v. Annucci*, 9:20-CV-0760 (DNH-CFH), Complaint (N.D.N.Y. filed 07/08/20); *Bradshaw v. Gordon*, 9:21-CV-0645 (GTS-ML), Complaint (N.D.N.Y. filed 06/03/21); *Bradshaw v. Uhler*, 9:21-CV-0776 (GTS-ML), Complaint (N.D.N.Y. filed 07/08/21); *Bradshaw v. Marshall*, 9:21-CV-0826 (MAD-CFH), Complaint (N.D.N.Y. filed 07/21/21); *Bradshaw v. Annucci*, 9:21-CV-0901 (DNH-ML), Complaint (N.D.N.Y. filed 08/11/21); *Bradshaw v. Brand*, 9:21-CV-0942 (DNH-TWD), Complaint (N.D.N.Y. filed 08/20/21).

[2] *See Bradshaw v. Uhler*, 9:19-CV-0428 (BKS-TWD), Decision and Order (N.D.N.Y. filed 05/09/19) (*sua sponte* dismissing various claims for failure to state a claim and/or frivolousness); *Bradshaw v. Burns*, 9:19-CV-0931 (BKS-TWD), Decision and Order (N.D.N.Y. filed 10/01/19) (*sua sponte* dismissing various claims for failure to state a claim and/or frivolousness); *Bradshaw v. Gordon*, 9:21-CV-0645 (GTS-ML), Decision and Order (N.D.N.Y. filed 07/23/21) (*sua sponte* dismissing various claims for failure to state a claim and/or frivolousness); *Bradshaw v. Uhler*, 9:21-CV-0776 (GTS-ML), Decision and Order

case was an original complaint *sua sponte* dismissed with prejudice in its entirety at one time (Dkt. No. 2, at ¶¶ 6-7, 23) is of little solace to the defendants harassed by his claims and the Court personnel burdened by them. Regardless of Respondent's arguments, the fact remains that his litigation history has indeed "entailed" the assertion of "vexatious, harassing or duplicative" claims.

This finding (regarding the first factor) is further supported by the fact that, in three of the 11 actions, claims were transferred to another district court because venue was more appropriate there.[3] The Court is not persuaded by Respondent's argument that each of those claims *could have* been found to have been properly venued in this District, because they *were not* so found (thus requiring a considerable amount of unnecessary time to be spent by a staff attorney and paralegal in the Clerk's Office, as well as by the District Judge and sometimes his/her elbow law clerk).

This finding is also supported by the fact that, in six of the 11 actions, Respondent filed unmerited motions for preliminary injunction.[4] Respondent is

---

(N.D.N.Y. filed 09/03/21) (*sua sponte* dismissing various claims for failure to state a claim and/or frivolousness); *Bradshaw v. Marshall*, 9:21-CV-0826 (MAD-CFH), Decision and Order (N.D.N.Y. filed 09/14/21) (*sua sponte* dismissing various claims for failure to state a claim and/or frivolousness); *Bradshaw v. Annucci*, 9:21-CV-0901 (DNH-ML), Decision and Order (N.D.N.Y. filed 09/27/21) (*sua sponte* dismissing various claims for failure to state a claim and/or frivolousness).

[3]   *See Bradshaw v. Annucci*, 9:19-CV-1484 (TJM-DJS), Decision and Order (N.D.N.Y. filed 02/06/20) (transferring remaining claims to W.D.N.Y.); *Bradshaw v. Piccolo*, 9:20-CV-0154 (MAD-CFH), Decision and Order (N.D.N.Y. filed 02/18/20) (transferring action to W.D.N.Y.); *Bradshaw v. Annucci*, 9:20-CV-0760 (DNH-CFH), Decision and Order (N.D.N.Y. filed 07/28/20) (transferring action to W.D.N.Y.).

[4]   *See Bradshaw v. Gordon*, 9:21-CV-0645 (GTS-ML), Decision and Order (N.D.N.Y. filed 02/18/22) (denying plaintiff's motion for a preliminary injunction); *Bradshaw v. Annucci*, 9:21-CV-0901 (DNH-ML), Decision and Order (N.D.N.Y. filed 01/24/22) (denying plaintiff's motion for a preliminary injunction); *Bradshaw v. Uhler*, 9:21-CV-0776 (GTS-ML),

respectfully advised that, contrary to his argument that a motion for a preliminary injunction "does not have relevance to the merit of a case" (Dkt. No. 2, at ¶ 12), such a motion does indeed involve an analysis of the likelihood of success on the merits of the asserted claims.

The finding is also supported by the fact that, in two of the 11 cases, Respondent's motions for *in forma pauperis* were denied because of the Three-Strikes Rule.[5] The Court notes that Respondent filed the second unmerited motion after having received notice of the applicability of the Three-Strikes Rule.[6]

The finding is also supported by the fact that, as a way to circumvent the Three-Strikes Rule, Respondent has made material misrepresentations to the Court (some of which were sworn) regarding whether he faced an imminent danger of serious physical injury at the time of filing due to the alleged impact of a temporary denial of meals on a pre-existing stomach condition.[7] Contrary to Respondent's argument, the

---

Decision and Order (N.D.N.Y. filed 02/18/22) (denying plaintiff's motion for a preliminary injunction); *Bradshaw v. Marshall*, 9:21-CV-0826 (MAD-CFH), Decision and Order (N.D.N.Y. filed 12/08/21) (denying plaintiff's motion for a preliminary injunction); *Bradshaw v. Uhler*, 9:19-CV-0428 (BKS-TWD), Decision and Order (N.D.N.Y. filed 09/20/19) (denying plaintiff's motion for a preliminary injunction); *Bradshaw v. Burns*, 9:19-CV-0931 (BKS-TWD), Decision and Order (N.D.N.Y. filed 12/12/19) (denying plaintiff's motion for a preliminary injunction).

[5] *Bradshaw v. Brand*, 9:21-CV-0942 (DNH-TWD), Decision and Order (N.D.N.Y. filed 09/27/21) (denying motion to proceed in forma pauperis because of the Three-Strikes Rule); *Bradshaw v. Annucci*, 9:19-CV-1484 (TJM-DJS), Decision and Order (N.D.N.Y. filed 02/06/20) (denying motion to proceed in forma pauperis because of the Three-Strikes Rule).

[6] *Compare Bradshaw v. Annucci*, 9:19-CV-1484 (TJM-DJS), Decision and Order (N.D.N.Y. filed 02/06/20) (denying motion to proceed in forma pauperis because of the Three-Strikes Rule) *with Bradshaw v. Brand*, 9:21-CV-0942 (DNH-TWD), Motion to Proceed In Forma Pauperis (N.D.N.Y. filed 08/20/21).

[7] *Bradshaw v. Gordon*, 9:21-CV-0645 (GTS-ML), Decision and Order (N.D.N.Y. filed 02/18/22); *Bradshaw v. Uhler*, 9:21-CV-0776 (GTS-ML), Decision and Order (N.D.N.Y. filed 02/18/22).

video footage he submitted in those cases did not "squarely contradict[] the defendants' version of the [alleged] incident[s]." (Dkt. No. 2, at ¶ 19.) In fact, the selected video footage he submitted squarely contradicted his sworn assertions regarding the alleged incidents occurring between June 6 and June 7, 2021, and on July 3, 2021 (and did not support his sworn assertions regarding the alleged incidents occurring between May 28 and May 31, 2021).[8]

Moreover, this finding is has not been undermined by Respondent's argument that "several claims" in one of the above-referenced six cases "survived summary judgment" and thus are "likely of merit." (Dkt. No. 2, at ¶ 12.) The decision referenced by Respondent denied the defendants' motion for summary judgment with regard to only one of Respondent's numerous claims (i.e., his Eighth Amendment claim against Defendant Locke); and, in any event, the partial denial of the defendants' motion was both without prejudice and based merely on the existence of a genuine dispute of material fact regarding whether, before filing his claim, he had exhausted his available administrative remedies.[9] As a result, the Court is not persuaded that the claim is "likely of merit." In any event, it is only one of more than a hundred claims that Respondent has filed.

For all of these reasons, the Court finds that the first factor weighs in favor of the issuance of the filing limitation in question.

---

[8]   *Bradshaw v. Gordon*, 9:21-CV-0645 (GTS-ML), Decision and Order (N.D.N.Y. filed 02/18/22); *Bradshaw v. Uhler*, 9:21-CV-0776 (GTS-ML), Decision and Order (N.D.N.Y. filed 02/18/22).

[9]   *Bradshaw v. Uhler*, 9:19-CV-0428 (BKS-TWD), Decision and Order, at 11-24 (N.D.N.Y. filed 02/07/22).

Regarding the second factor (regarding Respondent's motive in pursuing the litigation, e.g., whether he had an objective good faith expectation of prevailing), the Court has trouble finding that Respondent's litigation history has been anything other than rife with an intentional (or perhaps sometimes only reckless) disregard of the Court's rulings and the Federal Rules of Civil Procedure (as well as of the courtesy copies of the District's Local Rules of Practice and *Pro Se* Handbook that have been on file at each of his various correctional facilities at the time of filing). Respondent clearly reads the decisions issued by the judges of this District, and the notices sent to him by the Clerk's Office; he simply refuses to comply with them, when doing so does not suit his interests, which the Court finds to be, by and large, to harass defendants (and burden the Court) for whatever reason. For these reasons, the Court finds that the second factor weighs in favor of the issuance of the filing limitation in question.

Regarding the third factor (regarding whether Respondent has been represented by counsel), in each of the eleven cases discussed above Respondent was proceeding pro se as a prisoner civil rights plaintiff. For these reasons, the Court finds that the third factor weighs in favor of the issuance of the filing limitation in question.

Regarding the fourth factor (regarding whether Respondent has caused needless expense to other parties or has posed an unnecessary burden on the Court and its personnel), the Court finds that, by continuing to intentionally (or recklessly) file the above-described non-actionable claims and unmerited motions Respondent has demanded the rather-constant attention of the District Judge and his/her law clerk, and a staff attorney and paralegal in the Clerk's Office, who have had to spend time thoughtfully responding to him in order to manage his cases. For these reasons, the

Court finds that the fourth factor weighs in favor of the issuance of the filing limitation in question.

Finally, regarding the fifth factor (regarding whether other sanctions would be adequate to protect the courts and other parties), the Court cannot conceive of any other sanctions (such as a warning or monetary sanction) that would be adequate to protect the Court and other parties from Respondent's continued vexatiousness. Because Respondent appears to be without sufficient funds to pay the Court's filing fees, monetary sanctions would be inappropriate. Moreover, Respondent has continued his course of improper filings even after learning of their impropriety. For example, as stated above, he sought to proceed in forma pauperis without cause despite having received notice of the three strikes rule.[10] In addition, he has twice attempted to circumvent the three-strikes rule by falsely alleging that, at the time of filing his complaints in two actions, he faced an imminent risk of serious physical injury when he did not, showing a disregard for the rules.[11] Moreover, he has knowingly continued to file documents in improper cases.[12] For all of these reasons, the Court finds that the

---

[10] *Compare Bradshaw v. Annucci*, 9:19-CV-1484 (TJM-DJS), Decision and Order (N.D.N.Y. filed 02/06/20) (denying motion to proceed *in forma pauperis* because of the Three-Strikes Rule) *with Bradshaw v. Brand*, 9:21-CV-0942 (DNH-TWD), Motion to Proceed In Forma Pauperis (N.D.N.Y. filed 08/20/21) *and Bradshaw v. Brand*, 9:21-CV-0942 (DNH-TWD), Decision and Order (N.D.N.Y. filed 09/27/21) (denying motion to proceed *in forma pauperis* because of the Three-Strikes Rule).

[11] *Bradshaw v. Gordon*, 9:21-CV-0645 (GTS-ML), Decision and Order (N.D.N.Y. filed 02/18/22); *Bradshaw v. Uhler*, 9:21-CV-0776 (GTS-ML), Decision and Order (N.D.N.Y. filed 02/18/22).

[12] *Compare Bradshaw v. Uhler*, 9:22-CV-0094 (GTS-ML), Text Order (N.D.N.Y. filed 02/03/22) (cautioning Respondent against improper filings) *and Bradshaw v. Gordon*, 9:21-CV-0645 (GTS-ML), Text Order (N.D.N.Y. filed 02/10/22) (again cautioning Respondent against improper filings) *and Bradshaw v. Uhler*, 9:21-CV-0776 (GTS-ML), Decision and Order (N.D.N.Y. filed 02/10/22) *with Bradshaw v. Gordon*, 9:21-CV-0645 (GTS-ML), Letter (N.D.N.Y. filed 02/28/22) (indicating an intentional filing of a document from a different case "to assure

fifth factor weighs in favor of the issuance of the filing limitation in question.

Based on a careful balancing of these five factors, the Court finds they weigh decidedly in favor of the issuance of the filing limitation in question. As a result, Respondent is permanently enjoined from filing any pleadings or documents of any kind (including motions) as a *pro se* plaintiff in the U.S. District Court for the Northern District of New York without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed), subject to the requirements outlined below.

> **NOTICE TO *PRO SE* LITIGANT: FAILURE TO STRICTLY COMPLY WITH THE REQUIREMENTS OUTLINED BELOW MAY SUBJECT YOU TO FURTHER SANCTIONS, INCLUDING THE DISMISSAL OF YOUR COMPLAINT/PETITION OR STRIKING OF YOUR SUBMISSION.**

**ACCORDINGLY**, it is

**ORDERED** that, pursuant to 28 U.S.C. § 1651(a), Respondent is permanently enjoined from filing any pleadings or documents of any kind (including motions) as a *pro se* plaintiff in the U.S. District Court for the Northern District of New York without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed),[13] subject to the requirements outlined below; and it is

---

that the Court receive[s] the response . . ." in that different case) *and Bradshaw v. Uhler*, 9:21-CV-0776 (GTS-ML), Decision and Order (N.D.N.Y. filed 02/10/22) (indicating an intentional filing of a document from a different case "to assure that the Court receive[s] the response . . ." in that different case).

[13] This injunction applies to, among other things, continued filings of documents by Respondent as a *pro se* plaintiff in the following actions: (1) an action opened by him in this

further

**ORDERED** that the Clerk of the United States District Court for the Northern District of New York shall maintain the current file (9:21-PF-0002) with the general title "In Re: Jay Bradshaw."  Unless otherwise ordered by the Chief Judge or his or her designee, this file shall serve as the repository of all orders relating to Respondent in this District, pleadings or documents submitted under the procedures set forth herein, any order entered pursuant thereto, and any document of any kind, whether stricken or not, submitted *pro se* by Respondent (except pleadings or documents in a case that is open at the time of the issuance of this Pre-Filing Order, until that case is closed).  The Clerk  of the Court shall also maintain a docket sheet associated with this case number and shall list all documents filed therein; and it is further

**ORDERED** that, before filing any pleadings or documents of any kind (including motions) *pro se* in the Court (except pleadings or documents in a case that is open at the time of the issuance of this Pre-Filing Order, until that case is closed), Respondent must first obtain permission from the Chief Judge or his or her designee.  To do so, Respondent must submit to the Court three documents in the form described below: (1) a petition requesting leave to file; (2) an affidavit containing information specified below;

---

Court through the filing of a complaint, a motion, an application, or any other means; (2) an action opened by him in another federal district court and transferred to this Court, when that action clearly should have been venued in this District, *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-3 & n.2 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases); and (3) an action opened by him in state court and removed to this Court by any party, when that action was laden with federal claims (especially claims based on grounds previously trodden by Respondent in this Court, and asserted against defendants who had been previously sued by him in this Court on similar grounds), *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-5 & nn.3 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases).

and (3) a copy of the pleading or document sought to be filed.  The filing shall be entitled "Application Pursuant to Court Order Seeking Leave to File," and shall contain the assigned file number in the caption; and it is further

**ORDERED** that a petition requesting leave to file must contain the following information:

(1) a statement advising the Court whether any defendant to the lawsuit was a party, litigant, judge, attorney, court officer, public official or participant to, or was in any way involved in, any prior lawsuit or bankruptcy proceeding involving Respondent, and if so, in what capacity;

(2) a list of all lawsuits in the United States District Court for the Northern District of New York, Court of Appeals for the Second Circuit, and state courts in which Respondent was or is a party, including (a) the name, case number and citation, if applicable, of each lawsuit, and (b) a statement indicating the nature of Respondent's involvement in each lawsuit and its current status or disposition;

(3) a list of all federal or state cases in which a judgment was rendered against Respondent, if any, including (a) the name, case number and citation, if applicable, (b) the amount of the judgment rendered against him, and (c) the amount, if any, of the judgment that remains outstanding and the reasons therefor;

(4) a list of all federal or state cases in which a judgment was rendered in favor of Respondent, if any, including the name, case number and citation, if applicable; and

(5) a list identifying the procedural or monetary sanctions, assessment of

attorneys' fees, contempt orders or jail sentences arising out of a civil prosecution imposed against Respondent by any court, including all appellate courts, if any, including (a) the name, case number and citation, if applicable, of each case, (b) a brief statement explaining the sanctions, contempt order, attorneys' fees or jail sentence imposed, (c) the type or amount of sanctions, (d) the outstanding amount of any sanctions or attorneys' fees, and (e) the current status or disposition of the matter; and it is further

**ORDERED** that Respondent shall also submit (with the above-described petition) an affidavit, in the proper legal form, with appropriate jurat and notarization, containing the following recitals:

(1) that the pleading or claims which Respondent wishes to present, or the relief which he seeks, has never before been raised by him and disposed of by any federal or state court and are not, to the best of his knowledge, barred by the doctrines of collateral estoppel or res judicata;

(2) that (a) to the best of Respondent's knowledge the claim or claims are not frivolous or asserted in bad faith, (b) they are well-grounded in fact and warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law, and (c) the lawsuit is not interposed for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation, or to avoid the execution of a valid judgment;

(3) that the claim or claims are not meant to harass any judicial officer, attorney, individual, organization or entity; and

(4) that, in prosecuting the action, Respondent will comply with all federal and

11

local rules of procedure, including those requiring the service on other parties of all pleadings and documents filed with the Court, and will provide the Court with acceptable proof that such service was made; and it is further

**ORDERED** that Respondent shall include with the above-described petition and affidavit a copy of the pleading and/or any other document(s) to be filed with the Court, and that the pleading and/or document(s) shall conform with the requirements of this Pre-Filing Order, Fed. R. Civ. P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the District's Local Rules of Practice; and it is further

**ORDERED** that, upon filing of the Application Pursuant to Court Order Seeking Leave to File, the Clerk or his or her designated deputy shall docket the pleading and/or document(s) in the case and in accordance with the rules, and immediately forward them to the Chief Judge or his or her designee for review; and it is further

**ORDERED** that, if the Application Pursuant to Court Order Seeking Leave to File includes a pleading of any kind, the Clerk shall **STAY** the case and shall not issue the requisite summonses until directed to do so by the Chief Judge or his or her designee; and it is further

**ORDERED** that, in deciding such an Application, the Chief Judge or his or her designee should consider the following:

(1) whether Respondent has complied with the procedures set forth in this Pre-Filing Order in all particulars;

(2) whether Respondent's pleading and/or document(s) comply with the Federal Rules of Civil Procedure and the District's Local Rules of Practice;

(3) whether the Respondent's pleading and/or document(s) are frivolous, abusive, harassing or malicious;

(4) whether the claims asserted in Respondent's pleading have been adjudicated previously by any state or federal court;

(5) whether Respondent has complied in all respects with Fed. R. Civ. P. 11 and all pleadings and documents would not give rise to liability for unreasonable and vexatious multiple filings;

(6) whether the pleading asserts claims against judges, court officials, public officers or any other individuals who may have immunity from suit; and

(7) whether the pleading and/or document(s) meet such other reasonable requirements established by the Court; and it is further

**ORDERED** that failure to comply with the procedures and principles set forth in this Order shall be grounds for denying the Application Pursuant to Court Order Seeking Leave to File without further review.  Likewise, false or misleading recitals in the pleading or document shall be grounds for denial and may subject Respondent to further sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927 and/or the Court's inherent power to sanction a litigant for bad-faith conduct or for disobeying court orders; and it is further

**ORDERED** that Respondent is further advised that nothing in this Pre-Filing Order (a) hinders his ability to defend himself in any criminal action brought against him, (b) limits his access to any court other than the United States District Court for the Northern District of New York, or (c) affects his rights in any of his currently pending

actions in state or federal court; and it is further

**CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Pre-Filing Order would not be taken in good faith; and it is further

**ORDERED** that the Clerk shall serve a copy of this Pre-Filing Order on Respondent by regular mail.

Signed:   March 3, 2022
          Syracuse, New York

*Glenn T. Suddaby*
Hon. Glenn T. Suddaby
Chief U.S. District Judge